IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RHONDA L. TUCKER,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security;<br><br>Defendant. | 8:17CV355<br><br>MEMORANDUM AND ORDER |

Plaintiff Rhonda Tucker ("Plaintiff") claims in this Social Security appeal that the Commissioner's decision to deny her benefits under the Social Security Act is contrary to law and not supported by substantial evidence. Having considered all arguments and materials presented, and for the reasons explained below, the Commissioner's decision will be affirmed.

**BACKGROUND**

On September 2, 2013, Plaintiff filed an application for disability benefits, alleging disability beginning on August 6, 2013. (TR. 173.) Plaintiff's application was denied initially and on reconsideration. (TR. 189, 197.) Plaintiff appealed the denial to an administrative law judge ("ALJ").

An administrative hearing was held on May 2, 2016. (TR. 109, 173.) Deborah Determan ("Determan"), a vocational expert, testified at the hearing. (TR. 109, 173.) Determan classified Plaintiff's past relevant work as "sales clerk," and indicated that Plaintiff had acquired skills from her past relevant work, including the ability to fill out orders and forms, treat customers with tact and courtesy even in difficult situations, and talk easily and persuasively with people. (TR. 355.) The ALJ posed a hypothetical question to Determan that reflected Plaintiff's work experience and medical history. Determan testified that the hypothetical individual could not perform Plaintiff's past relevant work. (TR. 136-38.) However, Determan testified that the hypothetical individual could function as a yard goods salesperson and toys and accessories salesperson. (TR. 140-41.)

Determan stated that these occupations each consisted of approximately 95,000 jobs. (TR. 140-41.)

The ALJ issued an unfavorable decision on July 6, 2016, concluding that Plaintiff was not disabled within the meaning of the Social Security Act. (TR. 170-181.) In the decision, the ALJ evaluated Plaintiff's claim by following the five-step sequential analysis prescribed by the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520 and 416.920. The ALJ found Plaintiff had the severe impairment of degenerative disc disease of the cervical spine and formulated Plaintiff's residual functional capacity ("RFC")[1] as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except the claimant is able to frequently push, pull, and handle; is not able to crawl or climb ladders; and is able to stoop, kneel, and crouch occasionally. Further, the claimant is able to reach overhead rarely (no more than once per hour); is able to perform work that does not require the worker to keep the neck in a flexed position for more than fifteen minutes at one time; and is able to perform work that does not expose the worker to sustained and concentrated vibration or to hazards such as work at unprotected heights.

(TR. 175-76.)

The ALJ determined that given her RFC, Plaintiff was unable to perform her past work, which the ALJ described as a Sales Clerk, Dictionary of Occupational Titles ("DOT") 290.477-014. (TR. 179.) However, the ALJ found that Plaintiff had acquired work skills from past employment that are transferable to other occupations which exist in significant numbers in the national economy. (TR. 180.) In particular, relying on Determan's testimony, the ALJ found that Plaintiff could work as a yard goods salesperson and toys and accessories salesperson. (TR. 180-81.) Therefore, the ALJ determined that Plaintiff was not entitled to benefits.

Plaintiff requested review of the ALJ's decision by the Appeals Council of the Social Security Administration. (TR. 246.) Plaintiff submitted additional evidence to the Appeals

---

[1] "RFC" is what a claimant "is able to do despite limitations caused by all of the claimant's impairments." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (citation omitted).

Council, which included a vocational evaluation from Rick Ostrander ("Ostrander"). Ostrander generally opined that Plaintiff did not have skills which would transfer to the occupations of yard goods salesperson or toys and accessories salesperson. (TR. 85.)

The Appeals Council denied Plaintiff's request for review and stated that the additional evidence from Ostrander did not impact the disability determination. (TR. 1-2.) As to this evidence, the Appeals Council stated that the ALJ decided the case through July 6, 2016, and thus the evidence did not relate to the period at issue. Therefore, according to the Appeals Council, the evidence did "not affect the decision about whether [Plaintiff] [was] disabled beginning on or before July 6, 2016." (TR. 2.)

Having been denied review by the Appeal Council, the ALJ's decision stands as the final decision of the Commissioner of Social Security.

**ANALYSIS**

A denial of benefits by the Commissioner is reviewed to determine whether the denial is supported by substantial evidence on the record as a whole. *See Hogan v. Apfel*, 239 F.3d 958, 960 (8th Cir. 2001). "Substantial evidence" is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *Id.* at 960-61; *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because substantial evidence supports a contrary outcome. *See Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001). For the reasons stated below, the Court concludes that substantial evidence supports the Commissioner's decision.

### 1. Sequential Analysis

The Social Security Administration uses a five-step process to determine whether a claimant is disabled.

> At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the RFC to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner at the fifth step to prove that there are other jobs in the national economy that the claimant can perform.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006) (citations omitted). Plaintiff argues that the ALJ erred at step five of the sequential analysis by concluding that Plaintiff acquired transferrable skills from her past work which can be used to sustain other employment. The Court disagrees.

In evaluating whether Plaintiff had transferrable skills, the ALJ elicited vocational testimony from Determan. Determan reviewed Plaintiff's vocational information and listened to Plaintiff's hearing testimony. (TR. 136, 236-37.) Determan identified Plaintiff's past relevant work as "sales clerk" and indicated the following work skills were required: filling out orders and forms, treating customers with tact and courtesy even in difficult situations, and talking easily and persuasively with people. (TR. 355.) In response to a hypothetical question that reflected Plaintiff's RFC, Determan testified there were jobs that Plaintiff could perform, such as a yard goods salesperson and toys and accessories salesperson, each occupation consisting of about 95,000 jobs in the national economy. *See Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998) (stating that an ALJ's reliance on vocational expert testimony to determine the existence of transferable skills is explicitly allowed by the regulations).

Plaintiff complains that the ALJ should not have relied upon Determan's testimony because Determan miscategorized Plaintiff's past relevant work as Sales Clerk, DOT 290.477-014, rather than General Hardware Salesperson, DOT 279, 357-050. Plaintiff asserts that the "Sales Clerk" categorization is too broad, and that "General Hardware Salesperson" more accurately describes her past work. According to Plaintiff, if her past relevant work had been properly categorized, it

4

would be clear that she does not have transferable skills. The Court finds this argument unconvincing. "Neither an occupational title by itself nor a skeleton description [of a job] is sufficient" to evaluate a claimant's acquisition of skills. SSR 82-41, 1975-1982 Soc. Sec. Rep. Serv. 847, 1982 WL 31389, *4 (S.S.A. 1982). "Job titles, in themselves, are not determinative of skill level." *Id*.

Plaintiff's description of her work supports the ALJ's and Determan's conclusions as to skill transferability. In her Work History Report, Plaintiff described her job duties as follows: "helped customers, stocked shelves, re-arranged merchandise." (TR. 279-80.) At the administrative hearing, Plaintiff testified that she typically began her workday by doing "manager's paperwork, which involved changing prices on items, changing tags out, and then throughout the day . . . waiting on customers and stocking." (TR. 115.) Plaintiff testified that she dusted and cleaned shelves, and that she also checked inventory. (TR. 115-17, 123.) The ALJ's conclusions regarding transferability of skills is supported by Determan's testimony, as well as the information supplied by Plaintiff. Thus, the ALJ's decision is supported by substantial evidence.

### 1. Additional Evidence

Plaintiff further maintains that the Appeals Council improperly declined to consider the materials from Ostrander. The Appeals Council must "consider newly submitted evidence if it is new, material, and relates to the period on or before the date of the ALJ's decision." *Stimpson v. Berryhill*, No. 17-cv-0824, 2018 WL 1440336, *4 (D. Minn. Mar. 22, 2018). "To be 'new,' evidence must be more than merely cumulative of other evidence in the record." *Lamp v. Astrue*, 531 F.3d 629, 632 (8th Cir. 2008). Evidence is material "if it relevant to the claimant's condition for the time period for which benefits were denied." *Moore v. Colvin*, No. 4:12-cv-3132, 2013 WL 5466910, *20 (D. Neb. Sept. 30, 2013). Further, to be material, "there must also be a reasonable likelihood that consideration of the evidence would have changed the Commissioner's determination." *Id*.

The Appeals Council determined that the information from Ostrander did not relate to the period at issue. Therefore, according to the Appeals Council, the evidence did "not affect the

5

decision about whether [Plaintiff] [was] disabled beginning on or before July 6, 2016." (TR. 2.) However, even assuming the evidence was relevant to Plaintiff's condition for the time period for which benefits were denied, there is no reasonable likelihood that this evidence would have changed the outcome.

Ostrander opined that the occupations of yard goods salesperson and toys and accessories salesperson require skills that Plaintiff does not possess. However, Ostrander did not specifically identify what additional skills are necessary. Moreover, Ostrander did not address the precise duties Plaintiff performed in her past relevant work. Ostrander apparently had access to less information than Determan, who was able to hear and observe Plaintiff's testimony. The opinions supplied by Ostrander largely focus on classifications and definitions. As such, the information from Ostrander does not diminish the evidence supporting the ALJ's decision.

## CONCLUSION

For the reasons stated, and after careful consideration of each argument presented in Plaintiff's brief, the Court finds that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reverse Agency Action ([Filing No. 18](Filing No. 18)) is denied. The Motion to Affirm Commissioner's Decision ([Filing No. 22](Filing No. 22)) is granted. Judgment will be entered by separate document providing that the decision of the Commissioner is affirmed.

Dated this 27th day of August, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge